## BRADSTREET *against* PHELPS.

SUDAM moved for an attachment against the defendant, for non-payment of costs. He produced an original rule in this cause, of the last October term, as follows: "On motion on the part of the defendant in this cause, for judgment as in case of nonsuit, and after hearing counsel for both parties, ordered that the same be denied with costs"—a taxed bill of costs; and an affidavit of E. W. that on the 11th Feb. 1824, he delivered to the defendant copies of the rule and taxed bill, and at the same time showed him the original, and de-

How costs are to be obtained, when a rule orders them to be paid. The original rule was shown to the party who was ordered to pay with a taxed bill of the costs, copies of both delivered

to him and demand made of the costs, which he refused to pay.

The party, in such a case, is not allowed 20 days within which to pay the costs.

Twenty days are allowed only where the plaintiff is allowed to stipulate to try his cause on payment of costs.

Form of the power from the attorney to demand costs.

ALBANY,
Feb. 1824.

Oakley
v.
Becker.

manded the costs, which he neglected to pay. The demand was made pursuant to a power of attorney, (signed by the defendant's attorneys,) in these words : "We hereby author- ize and empower E. W. to demand and receive the amount of the foregoing bill of costs of ten dollars and fifty one cents of A. P. Mr. P.'s payment of said sum to E. W. will be in full discharge of said costs. Feb. 9, 1824."

*S. Sherwood,* contra, relied on what was said by the Court in *Brooks* v. *Hunt,* (3 Caines' Rep. 95,) "that, in all cases, the period within which costs are to be paid is 20 days." These have not expired since the demand ; and the motion for the attachment is premature.

*Sudam,* in reply. The rule as laid down in that case is too broad. It applies only to the plaintiff where he is al- lowed to stipulate, after a default in not bringing on his cause to trial at the Circuit, on payment of costs. (Reg. Gen. Oc- tober term, 1802. *Witmore* v. *Russell,* 3 Caines' Rep. 135.) In all other cases the costs must be paid *instanter.*

*Curia.* The defendant is mistaken in supposing he had 20 days after the demand within which to pay these costs. The rule upon which he relies does not apply to this case. It is confined to costs which are due from the plaintiff where he is allowed to stipulate to go to trial on payment of costs, upon the defendant's moving for judgment as in case of non- suit.

Rule granted.